Jan J. WEXLER, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 74–1828.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 1974.

Jan J. Wexler, pro se.

Meade Whitaker, Chief Counsel, I.R.S., Washington, D. C., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Acting Chief, Gary R. Allen, Stephen M. Gelber, App. Section, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before EDWARDS, MILLER and ENGEL, Circuit Judges.

This appeal is before a panel by this Court designated pursuant to Rule 3(e), Rules of the Sixth Circuit.

Appellant, a resident of Michigan, appeals from an order of the Tax Court denying his refund claim for portions of his income taxes for the years 1971 and 1972. The issue involved is whether taxpayer was entitled to claim as defendants for those years, his father and stepmother who were, at all relevant times, residents of either Romania or Israel. They were never citizens or nationals of the United States. The Tax Court denied the refund claims under Section 152(b)(3) of the Internal Revenue Code of 1954 which excludes from the definition of "dependents" any persons who are not citizens or nationals of the United States.

The taxpayer challenges the constitutionality of this section on two grounds: 1) that it is a denial of the equal protection of the law; and 2) that it is unreasonable and arbitrary in excluding from the definition of "dependents" persons who are not citizens or nationals of the United States.

Upon consideration of the contentions of the taxpayer, we find that they are so unsubstantial as to need no further argument.

Accordingly, the taxpayer's appeal is hereby dismissed and the judgment of the Tax Court is affirmed. See Rule 8, Rules of the Sixth Circuit and Labay v. C.I.R., 55 T.C. 6 (1970), aff'd on other grounds, 450 F.2d 280 (5th Cir. 1971); C.I.R. v. Anderson, 371 F.2d 59 (6th Cir. 1966).