Ahmed F. HABEEB and Magda E. Habeeb, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 77–1259

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1977.

Ahmed F. Habeeb, pro se, Magda E. Habeeb, pro se.

Gilbert E. Andrews, Acting Chief Appellate Sec., U. S. Dept. of Justice, Myron C. Baum, Acting Asst. Atty. Gen., Meade Whitaker, Chief Counsel, Internal Revenue Service, Crombie J. D. Garrett, Atty., Tax Div., David English Carmack, Atty., Dept. of Justice, Washington, D. C., for respondent-appellee.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

Appeal from a Decision of the Tax Court of the United States (Alabama Case).

Before GOLDBERG, CLARK and FAY, Circuit Judges.

CLARK, Circuit Judge:

Ahmed F. Habeeb and his wife, Magda E. Habeeb,[1] appeal from a judgment of the United States Tax Court partially disallowing certain travel expenses that Dr. Habeeb incurred on a trip to Egypt and totally disallowing a dependency exemption for his mother, who resides in Egypt and is not a citizen of the United States. In its Memorandum Findings of Fact and Opinion, the Tax Court, affirming the report of the Special Trial Judge, held that the taxpayers could not deduct Dr. Habeeb's living expenses in Egypt for 16 of 30 days claimed as business days on their 1973 tax return. The disallowance was based on failure to establish a business purpose for those days with the particularity required by Section 274(d) of the Code.[2] The Tax Court also upheld the constitutionality of Section 152(b)(3) of the Code, which denied them a claimed dependency deduction for Dr. Habeeb's mother.

Dr. Habeeb lives in Birmingham, Alabama, where he works as an associate professor of medicine at the medical school of the University of Alabama. In June, 1973, he visited Egypt at his own expense. Dr. Habeeb maintained before the Tax Court that he took this trip to broaden his knowledge in his field and to maintain his professional standing. At Dr. Habeeb's request, the University of Cairo and the University of Alexandria had invited him to give a series of lectures from July 4 to July 18. To obtain the benefit of a favorably priced charter flight, he chose to remain in Egypt for 45 days. On their 1973 tax return, the taxpayers deducted Dr. Habeeb's living expenses for 30 of his 45 days in Egypt and also claimed a dependency exemption for his mother. The Commissioner disallowed the exemption for Dr. Habeeb's mother because she resided in Egypt and was not a United States citizen and denied the deduction for the trip to Egypt because he believed Dr. Habeeb made the trip primarily for personal reasons.

The Tax Court determined that Dr. Habeeb had traveled to Egypt primarily for business reasons. It allowed him to deduct as business expenses under Section 162(a) of the Code his round trip charter air fare to Egypt and the living expenses he incurred during the 14 days he spent giving lectures at the University of Cairo and the University of Alexandria. The Tax Court disallowed the deductions claimed for the additional 16 days that the taxpayer spent in Egypt, because he failed to substantiate a business purpose for those days as Section 274(d) of the Code requires. The Tax Court determined that the appellant could not claim a dependency exemption for his mother, because during 1973 she resided in Egypt and was not a United States citizen; therefore, Section 152(b)(3) of the Code, which the court found constitutional, barred the exemption.

The taxpayers raise three issues on appeal. First, they appeal the Tax Court's holding that they did not meet the substantiation requirements of Section 274(d) of the Code by establishing a business purpose for 16 of the 30 days they claimed as business days. Second, appellants challenge the disallowance of the dependency exemption for Dr. Habeeb's mother on the grounds that Section 152(b)(3) is discriminatory. Finally, because obtaining low charter flight rates required that Dr. Habeeb remain in Egypt a full 45 days, appellants assert that the deductible cost of his flight to Egypt should be computed either by substituting the considerably greater cost of a regular flight or by allowing an additional deduction of 11 of the claimed business days that Dr. Habeeb remained in Egypt that were disallowed.

---

1. Magda E. Habeeb is a party in this appeal, because she and her husband filed a joint tax return in 1973.

2. Int.Rev.Code of 1954, as amended. 26 U.S.C. §§ 1 et seq.

■ This circuit's decision in *Dowell v. United States*, 522 F.2d 708 (5th Cir. 1975), requires that we uphold the Tax Court's disallowance of the deductions claimed by appellants for the 16 days during which Dr. Habeeb was not engaged in delivering his lectures. In *Dowell*, we held that

§ 274(d) requires taxpayers to substantiate—either through adequate records or through their own statements corroborated by other evidence—each and every element (amount, date, place, business purpose, and business relationships) of each and every expenditure in order to claim entertainment and travel expenses allowed under § 274 and § 162. If such substantiation is lacking, the deduction is to be disallowed entirely.

522 F.2d at 714. Congress intended by this requirement to eliminate as far as possible abuses of the deduction.

The taxpayers allege that during the 16 days disallowed by the Tax Court, Dr. Habeeb met daily with faculty members and graduate students to discuss their programs, his own research, possible collaboration efforts, and the recruitment of graduate students. To show the importance of travel to his profession, Dr. Habeeb testified before the Tax Court about articles he had written and presented in evidence a letter from a graduate student inquiring about further study in the United States. Along with his brief to this court, the appellant has included additional letters, a list of publications and further factual allegations. The taxpayers did not present this evidence to the Tax Court. We will not consider it.[3]

Dr. Habeeb directed his evidence and testimony before the Tax Court to the importance of travel generally to his profession and to the value as a whole of his trip to Egypt, but he did not establish particular business-related activity undertaken during the 16-day period disallowed by the Tax Court with the specificity required by Section 274(d). As this circuit held in *Dowell*, Section 274(d) established strict substantiation requirements for all travel deductions and declared Congress' intent to disallow deductions based solely upon a taxpayer's own unsupported, self-serving testimony. 522 F.2d at 712. Therefore, the Tax Court did not err in holding that the taxpayers' general allegations of a business purpose for the 16 days did not meet the strict substantiation requirements of Section 274(d) of the Code.

■ We also affirm the Tax Court's disallowance of a dependency exemption for Dr. Habeeb's mother. The Tax Court correctly held that the statute barring the exemption does not violate the Constitution. Appellants stipulated that during 1973 Dr. Habeeb's mother resided in Cairo, Egypt, and was not a citizen of the United States. They do not dispute the Tax Court's interpretation of Section 152(b)(3) of the Code, which excludes from the definition of "dependent" for purposes of the dependency exemption anyone, other than a United States citizen, who does not reside in the United States, a country contiguous to the United States, Canal Zone, or the Republic of Panama.[4] Appellants' challenge to the validity of the statute is based on the claim that it unlawfully discriminates between American citizens by favoring those with dependents in specified foreign countries. Appellants' pro se arguments challenge the constitutionality of the statute under the concept of equal protection embodied in the Due Process Clause of the fifth amendment. Administration of the dependency exemption would, for all practical purposes, be impossible if the geographic extent of the privilege were extended world-wide. Rath-

3. In the appendix to their Reply Brief to the Report of the Special Trial Judge, the appellants included a number of letters, articles, department calendars, and requests for reviews and reprints of Dr. Habeeb's work. The respondent moved to strike the appendix, because it contained evidence that appellants had not presented to the Special Trial Judge. Chief Judge Dawson of the Tax Court granted the motion. That ruling was correct. The material supported the importance of scientific interchange in Dr. Habeeb's field, but had no relevance to the establishing of a business purpose for the 16 days disallowed by the Tax Court.

4. The statute contains further exceptions that have no relevance to this appeal.

er than denying the dependency deduction to all citizens, Congress could rationally choose to limit its availability to an area which would encompass most taxpayers but still recognize the administrative necessities of effective oversight and attainable administration. Such a classification was not improper. *United States v. Maryland Savings-Share Ins. Corp.*, 400 U.S. 4, 91 S.Ct. 16, 27 L.Ed.2d 4 (1970). Appellants' contention that Section 152(b)(3) violates their right to equal protection is unsubstantiated. *See Wexler v. Commissioner of Internal Revenue*, 507 F.2d 843 (6th Cir. 1974).

Finally, the taxpayers assert on appeal that the Tax Court erred in computing the cost of Dr. Habeeb's air transportation to Egypt. According to Dr. Habeeb, obtaining the benefit of reduced charter fare required that he remain in Egypt beyond the length of his business purposes. Therefore, appellants maintain that the cost of his flight should be determined either by substituting the cost of a regular flight or by allowing expenses for 11 nonbusiness days that the charter flight terms required he remain in Egypt. Appellants did not establish the amount of regular air fare before the Tax Court, but they assert on appeal that a regular round trip ticket costs $900.[5]

Section 162(a) of the Code allows an exemption only for expenses "paid or incurred" in carrying on a trade or business. Section 274(d) requires careful substantiation of these expenses, subject only to exceptions established by regulations. These provisions indicate that Congress intended to allow deductions only for actual expenses and not for theoretical calculations based upon expenses that might have been but were not actually incurred. Therefore, we hold that the Tax Court did not err in determining that the cost of Dr. Habeeb's flight to Egypt was the amount he actually paid for his charter fare.

---

**5.** Appellants first presented this computation to the Tax Court in their Reply Brief to Respondent's Exceptions to the Report of the Special Trial Judge. Following the Tax Court's decision, appellants presented the Tax Court with a computation of Dr. Habeeb's deductible transportation costs, but did not indicate how the amount was derived. The computation now asserted by the taxpayer on appeal would produce a different figure.

The decision of the Tax Court is AFFIRMED.