YUNG-SHING HSU and DEBBIE HSU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yung-Shing Hsu v. Commissioner
Docket No. 17801-80.
United States Tax Court
T.C. Memo 1982-47; 1982 Tax Ct. Memo LEXIS 697; 43 T.C.M. (CCH) 446; T.C.M. (RIA) 82047; February 3, 1982
Yung-Shing Hsu and Debbie Hsu, pro se. Milton J. Carter, Jr., for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) of the Internal Revenue Code *698 [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $ 720. The only issue is whether petitioners are entitled to claim dependency exemptions for petitioner Yung-Shing's son and petitioner Debbie Hsu's father and uncle. Petitioners and respondent executed a stipulation of facts which is incorporated herein. The relevant facts are not in dispute. At the time petitioners filed their petition herein they were residents of Lewiston, Idaho. Their 1978 Federal income tax return was filed with the Internal Revenue Service Center at Ogden, Utah. Petitioners are, and were at all times *699 relevant hereto, naturalized citizens of the United States. The parties are in agreement that petitioners totally supported the three dependents in question. Further, there is no dispute that the three dependents resided in and were residents of Taiwan during the year 1978. Respondent agrees that petitioners met all the statutory provisions relating to the allowance of the dependency exemptions except for the requirement that the dependents be citizens or residents of the United States or of a country contiguous to the United States pursuant to section 152(b)(3). [3] Petitioners are cognizant of this statutory provision but maintain that the statute is unconstitutional since it discriminates against United States citizens who support nonresident aliens in countries not contiguous to the United States. Petitioners contend that the only reasonable criteria for claiming a dependency exemption should be limited to the support test. As such, petitioners argue, to this extent the statute is unconstitutional since it violates the due process clause of the Fifth Amendment of the Constitution. [4]
*700 Petitioners argue that the statute is unconstitutional since it unjustly discriminates against them in depriving them of a deduction for three dependents that would otherwise be allowed but for the place of residence or citizenship of the dependents involved. In Barr v. Commissioner,51 T.C. 693, 695 (1969) we held that such a claim concerning this very issue was meritless. In reaching this conclusion we held that the power of Congress in levying taxes is very wide, and where a reasonable classification is made concerning taxpayers, which is not arbitrary and capricious, the Fifth Amendment does not apply, citing Barclay & Co. v. Edwards,267 U.S. 442, 450 (1924). Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts. United States v. Maryland Savings-Share Ins. Corp.,400 U.S. 4, 6 (1970) revg. per curiam 308 F. Supp. 761 (D.Md. 1970); Habeeb v. Commissioner, 559 F.2d 435 (5th Cir. 1977), affg. T.C. Memo. 1976-259; Wexler v. Commissioner, 507 F.2d 843 (6th Cir. 1974), *701 affg. T.C. Memo. 1974-113. Imposing the citizenship and residency requirements under section 152(b)(3) was not unreasonable and arbitrary since the limitations were imposed by practical reasons to facilitate the administration of the income tax law. Barr v. Commissionr,supra at 695; Gitter v. Commissioner,13 T.C. 520, 526-527 (1949). Also, we do not find that the statute involves a suspect classification since it applies to all taxpayers. Accordingly, there are no grounds on which to hold section 152(b)(3) unconstitutional.
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. Sec. 152-Dependent Defined. (b) Rules Relating to General Definition.-For purposes of this section - (3) The term "dependent" does not include any individual who is not a citizen or national of the United States unless such individual is a resident of the United States or of a country contiguous to the United States. The preceding sentence shall not exclude from the definition of "dependent" any child of the taxpayer legally adopted by him, if, for the taxable year of the taxpayer, the child has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, and if the taxpayer is a citizen or national of the United States. ↩
4. Petitioners raised this same issue based on the same arguments for the year 1977 in a Small Tax Case decided under Section 7463, I.R.C. 1954.The issue was decided against them in an unpublished opinion. See Hsu v. Commissioner↩, T.C. Summary Opinion 1981-528 (June 16, 1981).