SOMPONG DUMDEANG AND PATRICIA K. DUMDEANG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dumdeang v. Commissioner
Docket No. 24867-82.
United States Tax Court
T.C. Memo 1983-533; 1983 Tax Ct. Memo LEXIS 257; 46 T.C.M. (CCH) 1237; T.C.M. (RIA) 83533; August 29, 1983. Donald D. Nash, for the petitioners. Christine V. Olsen, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined *258 a deficiency of $980 in petitioners' Federal income tax for the taxable year 1979. The only issue presented for decision is whether petitioners are entitled to deduct under sections 151 [1] and 152 four dependency exemptions for petitioners' relatives who resided in Thailand and were not United States citizens or nationals. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by this reference. The pertinent facts are summarized below. The petitioners were residents of Portland, Oregon, when they filed the petition in this case. They filed a joint Federal income tax return for 1979 with the Internal Revenue Service Center in Ogden, Utah. On their 1979 return, petitioners deducted exemptions for six persons--their two children who resided in their household [2] and four relatives who resided in Thailand. The four relatives are petitioner Sompong Dumdeang's mother, two sisters, and a niece. During 1979 *259 these four relatives lived on a farm in Thailand. At no time during 1979 were the four relatives citizens or nationals of the United States, nor did any of these four relatives reside in the United States or in a country contiguous thereto. Section 151(a) and (e) allows a taxpayer to deduct exemptions for dependents as defined in section 152. [3] The petitioners have the necessary degree of relationship to their four relatives, as required by section 152(a). However, the general definition of dependent provided by section 152(a) is limited by section 152(b)(3). *260 Petitioners contend that section 152(b)(3) is invalid because it violates the Fifth Amendment to the Constitution by discriminating on the basis of national origin. Respondent contends that the dependency exemptions for the petitioners' four relatives are not deductible because section 152(b)(3) clearly limits the definition of dependent to an individual who is either (1) a citizen or national of the United States or (2) a resident of the United States or of a country contiguous to the United States. Moreover, respondent maintains that section 152(b)(3) is constitutional. We agree with respondent. Petitioners' argument is not new and is without merit. It is well settled that section 152(b)(3) provides reasonable and rational requirements for allowing the dependency deduction and its constitutionality has been repeatedly upheld. Habeeb v. Commissioner,559 F.2d 435 (5th Cir. 1977), affg. a Memorandum Opinion of this Court; Wexler v. Commissioner,507 F.2d 843 (6th Cir. 1974), affg. a Memorandum Opinion of this Court; Barr v. Commissioner,51 T.C. 693 (1969); Hsu v. Commissioner,T.C. Memo. 1982-47. Therefore, *261 the section 152(b)(3) limitation applies and petitioners are not entitled to deduct the four dependency exemptions. In order to give effect to the result reached herein, Decision will be entered for the respondent.
[4]
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, unless otherwise indicated.↩
2. The exemptions claimed for petitioners' two children are not in dispute.↩
3. SEC. 152. DEPENDENT DEFINED. (a) GENERAL DEFINITION.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, we received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * (3) A brother, sister, stepbrother, or stepsister of the taxpayer, (4) The father or mother of the taxpayer, or an ancestor of either, * * * (6) A son or daughter of a brother or sister of the taxpayer, * * * (b) RULES RELATING TO GENERAL DEFINITION.--For purposes of this section-- * * * (3) The term "dependent" does not include any individual who is not a citizen or national of the United States unless such individual is a resident of the United States or of a country contiguous to the United States. The preceding sentence shall not exclude from the definition of "dependent" any child of the taxpayer legally adopted by him, if, for the taxable year of the taxpayer, the child has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, and if the taxpayer is a citizen or national of the United States.↩
4. The parties have stipulated that petitioners are entitled to a child care credit of $177. The notice of deficiency indicates that the petitioners have been allowed a credit of $117, which, we presume, is a child care credit. Because the deficiency of $980 was determined after allowance of the $177 credit, a decision for respondent will be entered.↩