Sompong and Patricia K. **DUMDEANG**, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 83–7744.

United States Court of Appeals, Ninth Circuit.

Submitted July 2, 1984.

Decided Aug. 2, 1984.

Donald D. Nash, Purcella, Nash & Hoarfrost, Portland, Or., for petitioners.

Raymond Hepper, Dept. of Justice, Washington, D.C., for respondent.

Before KILKENNY, SNEED and NORRIS, Circuit Judges.

KILKENNY, Circuit Judge:

Taxpayers Sompong and Patricia Dumdeang seek review of a judgment of the United States Tax Court disallowing dependency exemptions for four family members. We affirm.

## BACKGROUND

The basic facts in this case are undisputed. The Dumdeangs filed a joint federal income tax return for the year 1979, claiming dependency exemptions for four family members who resided in Thailand and were not United States citizens. The Internal Revenue Service disallowed the exemptions because 26 U.S.C. § 152(b)(3) (1976) requires that a dependent must be a United States citizen or a resident of a contiguous country, and accordingly assessed a tax deficiency of $980.

Initially, the Dumdeangs sought a redetermination of the deficiency at the administrative level of the IRS. They argued that § 152(b)(3) was unconstitutional under the equal protection component of the fifth amendment because it classified taxpayers on the basis of race or national origin. The IRS denied the redetermination, and the Dumdeangs filed suit in the United States Tax Court. By memorandum disposition, the Tax Court rejected the Dumdeangs' constitutional arguments as not new and without merit. 46 T.C.M. (CCH) 1237 (1983).

## ISSUE

Is 26 U.S.C. § 152(b)(3) constitutional?

## DISCUSSION

### (A) *Standard of review*

A taxpayer may claim an exemption of $1,000 for each dependent on that taxpayer's federal tax return. 26 U.S.C. § 151(e). The term "dependent" as defined in § 152(b)(3) excludes "any individual who is not a citizen or national of the United States unless such individual is a resident of the United States or of a country contiguous to the United States."

The interpretation of 26 U.S.C. § 152(b)(3) is a question of law and therefore we review *de novo. See Harsh Invest. Corp. v. Bialac (In re Bialac)*, 712 F.2d 426, 429 (CA9 1983); *Habeeb v. CIR*, 559 F.2d 435, 437 (CA5 1977). The Dumdeangs argue that this court should employ a heightened level of scrutiny. Specifically, they assert that § 152(b)(3) confers a disproportionate distribution of benefits in the form of tax exemptions to immigrants who support relatives in approved (contiguous) countries because of the fortuity that those immigrants came from approved countries, and that this benefit is conferred along racial lines. Two groups excluded are African immigrants and Asian immigrants, the latter including the Dumdeangs.

The Supreme Court of the United States has long recognized the special status of tax legislation, *see White v. United States,*

305 U.S. 281, 292, 59 S.Ct. 179, 184, 83 L.Ed. 172 (1938), and the great burden placed on those who seek to attack it on equal protection grounds of overcoming its presumption of constitutionality. *See Regan v. Taxation with Representation of Washington*, 461 U.S. 540, ___, 103 S.Ct. 1997, 2002, 76 L.Ed.2d 129 (1983). "Since the members of a legislature necessarily enjoy a familiarity with local conditions which the Court cannot have, the presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is hostile and oppressive discrimination against particular persons and classes." *Id.*

■ Section 152(b)(3) applies to all taxpayers and does not single out or exclude a particular race or class of people. Rather, it makes a distinction based upon the geographic location of dependents who are not United States citizens. *See Barr v. CIR*, 51 T.C. 693, 695 (1969). Strict scrutiny is therefore not required because § 152(b)(3) does not make distinctions based on race or national origin, *see Regan*, 461 U.S. at ___, 103 S.Ct. at 2002. For the same reasons, we also reject the Dumdeangs' argument that we should adopt a standard of review based on a less-than-heightened level of scrutiny. *See Hampton v. Mow Sun Wong*, 426 U.S. 88, 103, 96 S.Ct. 1895, 1905, 48 L.Ed.2d 495 (1976). We therefore apply a rational basis standard of review. *See Regan*, 461 U.S. at ___, 103 S.Ct. at 2001–02. Under that test, the Dumdeangs must show that the statutory classification does not bear a rational relation to a legitimate government purpose. *Id.; see United States v. Maryland Savings-Share Ins. Co.*, 400 U.S. 4, 6, 91 S.Ct. 16, 17, 27 L.Ed.2d 4 (1970).

*(B) Analysis*

Congress enacted § 152(b)(3) in 1944 to restrict the dependency exemption in light of the severe administrative burden placed on the Commissioner to verify the truthfulness of claimed exemptions. *See Gitter v. CIR*, 13 T.C. 520, 526–27 (1949). The Dumdeangs argue that § 152(b)(3) favors citi-

zens of Canadian and Mexican descent, discriminates on the basis of race and national origin, and violates the due process clause of the fifth amendment.

The Dumdeangs apparently concede that in 1944 § 152(b)(3) was rationally related to the legitimate government objective of providing verification for claimed dependency exemptions. They argue that today, however, no legitimate reason exists for restricting claims by geographic location. They point out that over one million United States citizens live abroad; that tax claims relative to overseas income are not restricted by geographic location, and that it is relatively easy to verify claims on a worldwide basis.

These arguments miss their mark. The overall purpose of § 152(b)(3) is to facilitate administration of the dependency exemption provisions, specifically with regard to verifying the validity of and amount of support provided to overseas relatives. *See Barr*, 51 T.C. at 695. Statutory restrictions may be the only practicable answer to the problem, especially where the IRS' ability to effectively administer the section is thwarted by the existence of hostile relations between the United States and countries where claimed dependents may reside. *See id.* That problem is as much of a concern today, if not more so, than it was in 1944. Administration would be rendered practically impossible if the geographic extent of the privilege were extended world-wide. *Habeeb*, 559 F.2d at 437. Section 152(b)(3) addresses these problems while at the same time embodying the policies inherent in the dependency exemption provisions.

■ Congress has chosen a means of limiting dependency exemptions rationally related to a legitimate government purpose and a legitimate means of carrying out that purpose. We therefore hold that § 152(b)(3) does not violate the equal protection clause or the due process clause of the fifth amendment. In so holding, we join every court that has been faced with a challenge to the section's constitutionality. *See, e.g., Habeeb*, 559 F.2d 435; *Wexler v.*

*CIR*, 507 F.2d 843 (CA6 1974) (per curiam), *aff'g*, 33 T.C.M. (CCH) 560; *Hsu v. CIR*, 43 T.C.M. (CCH) 446 (1982); *Barr v. CIR*, 51 T.C. 693 (1969).

## CONCLUSION

The decision of the United States Tax Court is affirmed. Because this is an issue of first impression in this circuit, each party shall bear its own costs. Future litigants are forewarned that it is likely that double costs will be awarded against taxpayers who appeal this issue. *See Edwards v. CIR*, 680 F.2d 1268, 1271 (CA9 1982).

Petition is denied and judgment of the Tax Court AFFIRMED.