79 F.3d 1154
 77 A.F.T.R.2d 96-1347, 96-1 USTC P 50,199
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
H.W. TSENG, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70468.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1996.*
Decided March 13, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 H.W. Tseng appeals the Tax Court's decision upholding the Commissioner of Internal Revenue's determination of income tax deficiencies. We affirm.
 
 I.
 
 3
 Section 152(b)(3) of the Internal Revenue Code prohibits Tseng from claiming dependency exemptions for his nephew and mother, both of whom were citizens and residents of China. Tseng challenges section 152(b)(3) on equal protection grounds.
 
 
 4
 We rejected an identical challenge in Dumdeang v. Commissioner, 739 F.2d 452, 454 (9th Cir.1984). Other circuits have done the same. See Habeeb v. Commissioner, 559 F.2d 435, 437-38 (5th Cir.1977); Wexler v. Commissioner, 507 F.2d 843 (6th Cir.1974). In Dumdeang, we held that section 152(b)(3) makes distinctions based on geography, not race or national origin. 739 F.2d at 454. Further, we noted that the statute serves a legitimate administrative purpose. By limiting exemptions to dependents in the United States or contiguous countries, the statute facilitates the IRS' ability to verify dependency exemptions. Id.
 
 
 5
 Tseng argues that technological and political changes now make investigation in non-contiguous countries "practicable." Tseng cannot deny, however, that non-contiguous investigation generally poses significantly greater administrative burdens on the IRS than contiguous investigation. Section 152(b)(3) still furthers the legitimate governmental need to avoid excessive administrative costs. We reject Tseng's equal protection challenge.
 
 II.
 
 6
 The Tax Court held that Tseng's living expenses in Minnesota were not deductible under 26 U.S.C. § 162(a)(2) because they were not incurred "away from home." This holding was based on the court's finding that Tseng's employment at the University of Minnesota at Duluth was indefinite, not temporary. We review this finding for clear error. See Neal v. Commissioner, 681 F.2d 1157, 1158 (9th Cir.1982).
 
 
 7
 Tseng maintains that his employment in Minnesota was temporary because he only intended to stay for one year. Based on the record, however, we conclude that the Tax Court was not clearly erroneous in determining that Tseng intended his employment in Minnesota to last at least 26 months. Further, the record shows that Tseng actually remained at the University of Minnesota for 43 months. The tax court did not clearly err in finding his employment not temporary. Rev.Rul. 83-82, 1983-1, C.B. 45, 46 ("[a]n expected or actual stay of 2 years or longer will be considered an indefinite stay, and not a stay away from home, regardless of any other facts or circumstances ") (emphasis added).[1] We affirm the Tax Court's ruling that Tseng's living expenses were not business expenses under Section 162(a).
 
 III.
 
 8
 Tseng's additional challenges to the Tax Court's decision are meritless. The record substantiates the court's finding that Tseng purchased two computers for personal, rather than professional, research. The computers were not depreciable. See 26 U.S.C. § 167(a). Tseng was not entitled to an investment tax credit under 26 U.S.C. § 48(a)(1).
 
 
 9
 Finally, the Tax Court properly concluded that it lacked jurisdiction to consider whether Tseng made an overpayment of his 1984 taxes. Tseng only challenged the Commissioner's determination of deficiencies for taxable years 1985 and 1986. The Tax Court's jurisdiction was limited to those years. See 26 U.S.C. § 6214(b).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit as provided by 9th Cir.R. 36-3
 
 
 [1]
 "While Revenue Rulings do not control our decision, they nonetheless provide guidance as they represent the considered opinion of the agency enforcing the tax laws." Idaho Ambucare Center, Inc. v. United States, 57 F.3d 752, 756 (9th Cir.1995) (quotation omitted); see also 1995-1 C.B. iii (although Revenue Rulings "do not have the force and effect of Treasury Department Regulations ... they may be used as precedents")