PETER J. PLATZER AND ESTATE OF SYLVIA E. PLATZER, DECEASED, PETER J. PLATZER, PERSONAL REPRESENTATIVE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Platzer v. Commissioner
Docket No. 13219-79.
United States Tax Court
T.C. Memo 1981-649; 1981 Tax Ct. Memo LEXIS 93; 42 T.C.M. (CCH) 1632; T.C.M. (RIA) 81649; November 5, 1981. Kurtis A. Greenley and Joseph G. Kohler, for the petitioners. Jeffrey D. Lerner, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined the following deficiencies in and additions to the petitioners' Federal income tax: Taxable Year
Deficiency
Section 6653(a) [1]
1974
$ 50,418
$ 2,521
1975
5,660
*94 The parties have made the following stipulation: 4. The related case of O'Heron v. Commissioner, Docket No. 13220-79, shares with the present case the same or similar facts and issues relating to the "Mardigian facility". Each case also contains additional unrelated issues. That although these two cases will be tried separately, it is stipulated and agreed that the case of O'Heron v. Commissioner, Docket No. 13220-79, may be litigated first in its entirety, and that the Findings, Conclusion, Order, and Judgment of the Tax Court in that case as they relate to the "Mardigian facility" issues will be deemed resjudicata as to the same facts and issues in the present case, and further, that all evidence and exhibits produced and admitted during the course of trial of the O'Heron case relating to the "Mardigian facility" issues may be incorporated for all purposes into the present case. Accordingly, we hold for petitioner on the Mardigian facility issue. O'Heron v. Commissioner, T.C. Memo. 1981-648. The remaining issues for decision are (1) whether respondent *95 properly disallowed various travel and entertainment expenses as deductions and (2) whether petitioners are liable for the addition to tax under section 6653(a) for negligence or intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts were stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Peter J. Platzer and Sylvia E. Platzer timely filed Federal income tax returns for the taxable years 1974 and 1975. Petitioners resided in Minnetonka, Minnesota, both at the time they filed their Federal income tax returns for the taxable years 1974 and 1975 and when they filed the petition in this case. Petitioner Peter J. Platzer continues to reside at this address. Sylvia E. Platzer died on September 15, 1979. Petitioner Peter J. Platzer was appointed as personal representative of her estate on December 13, 1979. During 1974 and 1975, petitioner Peter J. Platzer (hereinafter all references to "petitioner" in the singular refer to Peter J. Platzer) was employed by Midwestern Machinery Co., Inc., and Midwestern Co., for whom he bought and sold machinery. Petitioner claimed total business *96 travel and entertainment expenses of $ 14,801 in 1974 and $ 16,093 in 1975. He was reimbursed by Midwestern Machinery Co., Inc., in the amount of $ 7,500 in 1974 and $ 7,500 in 1975. Petitioner's Federal income tax returns for almost every taxable year immediately prior to 1974 were audited. The petitioner kept records in those years similar to the records he apparently kept in the years before us. The revenue agents who examined the returns for those years reviewed these records, consisting primarily of check stubs and cancelled checks, and generally allowed substantially all of the claimed travel and entertainment expenses as deductions. The Commissioner determined a deficiency relating to the taxable year 1974 on the basis of the disallowance of these claimed business travel and entertainment expenses and on the basis of the Commissioner's recharacterization of the Mardigian transaction. The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1975 on the basis of his disallowance of the claimed business travel and entertainment expenses. The Commissioner has determined an addition to tax pursuant to section 6653(a) only with respect *97 to taxable year 1974. OPINION The first issue to be decided is whether the petitioners are entitled to deduct amounts as business travel and entertainment expenses for the taxable years 1974 and 1975 in excess of the amounts allowed by respondent. The respondent disallowed petitioners' claimed business travel and entertainment expenses to the extent that they exceeded the reimbursements made to petitioner by Midwestern Machinery Co., Inc.
Section 162 allows a deduction for business travel and entertainment expenses. Specifically, that section provides as follows: SEC.162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * * The rigorous substantiation requirements of section 274, however, are a prerequisite to the allowance of any deduction for travel or entertainment expenses. Section 274 provides *98 in pertinent part as follows: SEC.274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (d) SUBSTANTIATION REQUIRED--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * * (B) the time and place of the travel, entertainment * * * (C) the business purpose of the expense * * * (D) the business relationship to the taxpayer of persons entertained * * *. This statute clearly provides that a taxpayer who seeks to deduct travel and entertainment expenses must prove by his records or by his corroborated testimony the amount he spent, when he spent it, where he spent it, and how the expenditure related to his business. Thus, section 274(d) sets forth four elements that a taxpayer must prove and sets forth the kind of proof needed to establish those elements. Regulations have been promulgated to explain *99 further the elements and the standards of proof. See secs. 1.274-5(b) (2), (3) and (4) and 1.274-5(c), Income Tax Regs. Congress has chosen to impose a rigorous test of deductibility in the travel and entertainment area. Each of the foregoing elements must be proved for each separate expenditure. General vague proof, whether offered by testimony or documentary evidence, will not suffice. See Dowell v. United States, 522 F.2d 708 (5th Cir. 1975), vacating 370 F. Supp. 69 (N.D. Tex. 1974), cert. denied 426 U.S. 920 (1976). The petitioner has the burden of proof in this proceeding, Welch v. Helvering, 290 U.S. 111 (1933). The petitioner maintains that he has met his burden of proof by the evidence contained in calendar schedules which he prepared in 1977 and by his testimony at trial together with the corroborating testimony of his several witnesses. Petitioner submits that he has made a good faith effort to document these expenses. Respondent argues that petitioner has provided no contemporaneous documents, records, or other data to substantiate the specific amounts, times, places, business purpose and business *100 relationship of each item of travel and entertainment expenses claimed and that the witnesses who testified at trial were unable to establish the necessary elements of each claimed expenditure. We agree with respondent. Petitioner has not presented this court any contemporaneous documentation of his claimed travel and entertainment expenses in the taxable years before us. His sole written evidence consists of two calendar schedules prepared in 1977, years after the events. We have not been presented the supporting documents from which these schedules were prepared. The petitioner testified that in the course of his business he entertained constantly, almost always picking up the tab for the business clients that he traveled with or who came to visit him at his office. He testified that he did not obtain receipts for these expenditures because he did not wish to embarrass his clients. Petitioner very likely did expend significant sums on legitimate business travel and entertainment. He has not, however, presented this Court with the documentation that Congress has chosen to require as a prerequisite to the deductibility of such expenses. The petitioner first attempted to reconstruct *101 the necessary information in 1977, years after the events in question. Such a reconstruction is not entitled to the weight we would give a contemporaneous record. It appears to be based on incomplete documents and to consist in large part of "guesstimates." If petitioner possessed the underlying documentation he should have presented it in court. The evidence presented, even taken in the light that is most favorable to petitioner, does not meet the requirements of specific documentation mandated by section 274(d). We hold for respondent on this issue. The remaining issue concerns the addition to tax under section 6653(a). Petitioner draws attention to the fact that the addition to tax is determined by the respondent only for the taxable year 1974, the year in which the Mardigian issue is involved. Petitioner mintains that any deficiency in tax of the petitioner is not the result of negligence or intentional disregard for the rules and regulations. Respondent argues that the addition to tax is appropriate because of the lack of substantiation for petitioner's travel and entertainment expenses. This court observes that petitioner's lack of substantiation for travel and entertainment *102 expenses existed in both taxable years 1974 and 1975 but that respondent asserted the addition of tax only in the year in which the handling of the Mardigian transaction is in question. We do not believe that the addition to tax was imposed because of the travel and entertainment expenses. Even if it were, however, we find no basis for an assertion of negligence or intentional disregard of the rules and regulations on the part of petitioner. The Internal Revenue Service has examined petitioner's method of record keeping in the past and has, in the most part, allowed all of his travel and entertainment expenses. On the basis of the entire record we believe that Mr. Platzer has demonstrated that the addition to tax is not proper. We hold for petitioner on this issue. Decision will be entered Under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended.↩