ROBERT LEWIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket No. 13992-78.
United States Tax Court
T.C. Memo 1982-478; 1982 Tax Ct. Memo LEXIS 271; 44 T.C.M. (CCH) 887; T.C.M. (RIA) 82478; August 17, 1982. *271 Petitioner was the owner of two tractors, both of which were operated under contract to Bekins Van Lines. One of the tractors was driven by petitioner, the other by a Mr. Paulsen. Held, petitioner incurred deductible labor expenses for compensation paid to Mr. Paulsen in the amounts of $10,400 in 1973, $13,000 in 1974, and $15,000 in 1975. Held further, petitioner incurred deductible expenses for the hiring of temporary labor in the amounts of $14,497 in 1973, $15,014 in 1974, and $14,118 in 1975. Labor expense deductions claimed in excess of these amounts are denied for failure to substantiate. Held further, petitioner's deductions for meals and lodging expenses are limited to the amounts allowed by respondent. Held further, petitioner is liable for additions to tax pursuant to sec. 6653(a), I.R.C. 1954. Michael F. Becker, for the petitioner. Barbara B. McCaskill, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated November 16, 1978, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Taxable year
Addition to tax under
ended Dec. 31,
Deficiency
sec. 6653(a)
1973
$24,799.05
$1,239.95
1974
26,654.28
1,332.71
1975
14,201.11
710.06
After various concessions, the issues for decision are (1) the amount of labor expenses incurred by petitioner in his truckdriving operation during the taxable years in issue; (2) the amount of deductible expenses incurred by petitioner for meals and lodging during the years in issue; and (3) whether petitioner is liable for additions to tax pursuant to section 6653(a), I.R.C. 1954, for *273 each of the taxable years in issue. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Oberlin, Ohio at the time of filing the petition herein. He filed individual Federal income tax returns for the taxable years 1973, 1974 and 1975 with the Internal Revenue Service Center, Cincinnati, Ohio. During the years in issue, petitioner was the owner of two tractors, both of which were operated under contract to Bekins Van Lines, a company whose business was and is the interstate transportation of household and other goods.[1] One of these tractors was driven by petitioner, the other was driven by Mr. Lloyd Paulsen. The gross revenues from both trucks, which totaled $106,598.99 in 1973, $110,394.56 in 1974, and $103,810.20 in 1975, constituted income to petitioner for the respective taxable years. [2]
*274 According to the Bekins compensation schedule, petitioner was paid for his services pursuant to a formula made up of a number of elements. First, petitioner received "tractor mileage compensation," which was a per-mile rate that varied proportionately with the weight of the cargo hauled.Additionally, Bekins compensated petitioner for the loading of goods in the amount of at least $1.70 per hundred weight for loading and $1.40 per hundred weight for unloading during the years in issue. [3] These flat rates per 100 pounds (cwt.) for loading and unloading were company allowances given for the hiring of temporary help to assist the drivers. Petitioner paid Mr. Paulsen to drive the second truck and also paid the expenses associated with the operation of that truck. Mr. Paulsen was paid $10,400 in 1973, $13,000 in 1974, and $15,000 in 1975 by petitioner. As anticipated in the Bekins compensation contract, both petitioner and Mr. Paulsen's work necessitated the hiring of individuals on a temporary basis to assist them in the loading and the unloading of their trucks. Petitioner also hired co-drivers *275 to assist him in his driving duties. As a general rule, temporary help and co-drivers hired by petitioner and Mr. Paulsen accepted payment for their services only in cash. It was also common for such persons to refuse to provide their names when hired. Mr. Lewis did not keep accurate records of the amounts paid by either him or Mr. Paulsen to the individuals hired to assist them in the loading and unloading of cargo. Petitioner also failed to keep records of the payments made to Mr. Paulsen for driving the second truck. Petitioner computed the expenses incurred by Mr. Paulsen and himself for loading and unloading by multiplying the total weight moved by both individuals for each year by the contractual allowance flat weight per one hundred pounds. The total weight hauled by petitioner and Mr. Paulsen was approximately 1,171,350 pounds in 1973, 1,033,627 pounds in 1974, and 879,749 pounds in 1975. [4]
Petitioner was on the road for 300 days in 1973, 283 days in 1974, and 240 days in 1975. During this time he kept no records of his meals and lodging *276 expenses. The trucks driven by petitioner and Mr. Paulsen had sleeping berths in the cab. [5]
For the years in question, petitioner claimed labor expenses totaling $46,940.33 in 1973, $47,201.89 in 1974, and $42,510.76 in 1975. In addition, petitioner claimed a deduction for meals and lodging in the amounts of $7,500 for 1973, $8,490 for 1974, and $3,600 for 1975. In his statutory notice, respondent wholly disallowed the labor expense deductions claimed by petitioner for the taxable years in issue. Respondent also reduced petitioner's claimed meals and lodging expense deductions by $4,800 for 1973, $5,943 for 1974, and $1,440 for 1975 to $2,700, $2,547 and $2,160, respectively. Additionally, respondent determined that petitioner was liable for an addition to tax pursuant to section 6653(a) for each of the taxable years 1973 through 1975.
OPINION The first issue we must decide is whether and to what extent petitioner is entitled to deductions for claimed labor expenses incurred in his truckdriving operation. Petitioner asserts that he incurred deductible labor expenses paid to Mr. Paulsen, to temporary *277 help hired to assist Mr. Paulsen and him in the loading and unloading of cargo, and to co-drivers to assist petitioner with the operation of his truck. Respondent does not seriously dispute that petitioner paid for services rendered by Mr. Paulsen and by temporary help but contends that, because petitioner failed to substantiate the labor expenses deducted on his returns, he is not entitled to any deduction for such expenditures. In view of the foregoing it is our firm belief that the interests of justice would have been served better had this matter been settled. Repeated efforts by the Court to get some movement on respondent's side obviously were unsuccessful. Turning to our task we find petitioner's and Mr. Paulsen's testimony to the effect that petitioner compensated Mr. Paulsen for services rendered in the amounts of $10,400 in 1973, $13,000 in 1974, and $15,000 in 1975 to be credible and wholly uncontradicted. [6] It is clear from the evidence that Mr. Paulsen drove petitioner's truck throughout the 3 years in issue. It is also clear that Mr. Paulsen was not a volunteer and was paid for his services by petitioner. Such payments are deductible as labor expenses. We reject *278 respondent's harsh assertion to the contrary. We also believe that petitioner is entitled to deduct expenses paid for the hiring of temporary help by both petitioner and Mr. Paulsen. While apparently acknowledging that such assistance was necessary in the operation of his trucks, respondent disallowed the deductions resulting from such expenses in their entirety on the ground that substantiation was lacking. Respondent is correct in his assertion that petitioner's documentation of such expenses was not in literal compliance with the requirements of section 6001. However, we believe that the circumstances present here demand a touch of realism. Petitioner was engaged in a business that required him to recruit assistance *279 from the so-called "underground economy." In the large majority of instances, petitioner was unable to obtain the true names of the persons hired. His ability precisely to account for amounts paid to temporary help was made difficult by the fact that very few of the individuals hired accepted anything other than cash as payment for their services. Petitioner did not create these circumstances. Nonetheless, petitioner did fail to keep day-to-day records of his disbursements for temporary help. The inability to obtain a complete list of names of specific payees does not relieve petitioner of the requirement that he maintain accurate records of expenditures. This failure, while in all probability quite common in petitioner's line of business, we cannot excuse. Petitioner introduced evidence indicating that the company that contracted him to haul its goods gave him an allowance for loading and unloading of at least $3.10 per hundred weight for the years in issue. Petitioner has failed to prove that the entire allowance granted him by Bekins Van Lines was paid to temporary laborers. However, convinced that petitioner did incur substantial expenses for such labor, we apply the *280 rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Bearing heavily against the taxpayer, "whose inexactitude is of his own making," Cohan v. Commissioner,supra at 544, we find that petitioner is entitled to labor expense deductions for the hiring of temporary help in the amounts of $14,497 for 1973, $15,014 for 1974 and $14,118 for 1975. [7]
*281 The second issue in this case involves deductions claimed for meals and lodging expenses incurred by petitioner during 1973 through 1975. Respondent again does not controvert that such expenses were incurred; however, he asserts that petitioner has failed to satisfy the substantiation requirements for deduction of such travel expenses imposed by section 274(d) and therefore limits petitioner's deduction to $9 per day. [8] Petitioner contends that he has satisfied the substantiation requirements of section 1.274-5(c)(3), Income Tax Regs., which essentially requires petitioner, by oral or written statement supported by other corroborative evidence, to establish the amount of the claimed expense, the time and place of the expense, the business purpose of the expense, and the business relationship to the taxpayer of any persons entertained. These four elements must be established for each separate expenditure. Sec. 1.274-5(b)(1), Income Tax Regs.; Dowell v. United States,522 F.2d 708, 717 (5th Cir. 1975), cert. denied 426 U.S. 920 (1976). *282 Petitioner has failed to substantiate each separate expense in the manner required. Furthermore, petitioner has failed to provide adequate "corroborative evidence" since Mr. Paulsen's testimony was not evidence submitted by a third person with actual knoweldge of the expenditures incurred. Sec. 1.274-5(c)(3), Income Tax Regs.
Alternatively, petitioner argues that he fits within the parameters of section 1.274-5(c)(4), Income Tax Regs., which reduces the otherwise rigorous standard for substantiation of travel expenses when "exceptional circumstances" arise. We do not believe that such circumstances existed in this case. Petitioner easily could have maintained an account of his daily expenditures for meals and lodging. Likewise, receipts and other documentation could have been retained. The mere fact that the requirements of section 274(d) are difficult to comply with does not place petitioner, and arguably every other taxpayer, in the "exceptional circumstances" contemplated by section 1.274-5(c)(4), Income Tax Regs.
We do not believe that petitioner's estimates were necessarily excessive; however, in the case of expenses incurred for meals and lodging, special diligence *283 is required. Because petitioner failed to comply with section 274(d), we must limit his deductible expenditures to the amounts allowed by respondent. The final issue for decision is whether petitioner is liable for additions to tax pursuant to section 6653(a) for the taxable years in issue. The burden of proving that he is free from negligence or intentional disregard of the rules and regulations is upon petitioner. Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioner has failed to carry his burden. Respondent is sustained on this issue. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Petitioner had been a carrier for Bekins Van Lines for the past 14 years.↩
2. The income attributable to each driver was ascertained by reviewing the two Forms 1099-MISC for each year issued by Bekins Van Lines. Thus, revenues generated by petitioner were $54,845.44 in 1973, $57,277.52 in 1974, and $50,135.91 in 1975. Revenues generated by Mr. Paulsen were $51,753.55 for 1973, $53,117.04 for 1974 and $53,674.29 for 1975.↩
3. Petitioner was also entitled to a "loading bonus" in certain circumstances.↩
4. Again, the average flat rate allowance for loading and unloading for 1973 was at least $3.10 per cwt. for the years in issue.↩
5. In 1975, petitioner purchased a new "luxury sleeper" for his cab.↩
6. The fact that Mr. Paulsen refused to divulge whether he filed returns for the taxable years in issue does not undermine the credibility of his testimony as respondent suggests. If anything, it apparently would have been in Mr. Paulsen's best interest for this Court to have found that he was paid nothing by petitioner during the years in question. The fact that his testimony to the contrary is against such interest gives it added weight in our eyes.↩
7. These totals were calculated by reference to a "Profile of Household Goods Owner-Operator Revenues and Expenses in 1976 and 1978" that was submitted by respondent. The profile, compiled from sample surveys of the Household Goods Carriers' Bureau, indicated that annual wage expenses incurred by an owner-operator consumed approximately 13.6 percent of the average owner-operator's revenues. The labor expenses incurred by petitioner for 1973 through 1975 were computed by applying this percentage to petitioner's revenues for those years. The compensation paid to Mr. Paulsen was over and above the normal wages paid by a single owner-operator to hire help since Mr. Paulsen was in essence a second operator of a tractor owned by petitioner. Any expenses incurred for the hiring of co-drivers, with respect to which there was a paucity of evidence, are subsumed within the totals calculated above and therefore no additional deductions are allowed for such expenses.↩
8. Petitioner's deductions were based upon estimated per diem expense rates of $25 per day in 1973, $30 per day in 1974 and $15 per day in 1975. The average rate was multiplied by the number of days petitioner spent on the road during the respective taxable years (300 days in 1973, 283 days in 1974, and 240 days in 1975).↩