ROBERT R. LINDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Linde v. Commissioner
Docket No. 16238-80.
United States Tax Court
T.C. Memo 1982-538; 1982 Tax Ct. Memo LEXIS 210; 44 T.C.M. (CCH) 1159; T.C.M. (RIA) 82538; September 20, 1982. Robert R. Linde, pro se. Genevieve K. Murtaugh, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1977 of $2,287.08. Due to concessions by respondent, the sole issue for decision is whether petitioner has substantiated a claimed business deduction of $4,695 for meals and lodging while away from home during the taxable year. FINDINGS OF FACT Some of *211 the facts have been stipulated. The stipulation and the exhibits attached thereto are incorporated herein by reference. Petitioner Robert R. Linde resided in Cincinnati, Ohio, at the time the petition was filed. During 1977, petitioner was an independent trucker who leased his tractor to and drove his tractor for United Van Lines. Petitioner traveled throughout the United States and Canada, transporting household goods. He was away from home overnight on business 313 days in 1977. Petitioner maintained a log book in which he recorded his travels, but this log book did not contain the name or location of any place of food or lodging patronized by petitioner or any amount expended for food or lodging. For 1977, petitioner possessed receipts bearing the date and location of lodging in the total amount of $203.70. In the course of an audit of his 1974 income tax return, petitioner was allowed to deduct $15 for food and lodging for each day he was away from home overnight on business without providing substantiation. At the time, petitoner felt his expenses exceeded $15 per day for these items, but he decided it was not worh the effort to keep all his food and lodging receipts *212 if he was to be allowed $15 per day for these items. Petitioner assumed, on the basis of this prior audit, that he need not keep any records to substantiate $15 per day of food and lodging expense deductions in future years. On his 1977 Schedule C for his trucking business, petitioner deducted $4,695 ($15 X 313 days) as "Road Expense, Meals & Lodging." In his statutory notice of deficiency, respondent disallowed this deduction in its entirety. OPINION Section 162(a) [1] provides for a business deduction for traveling expenses, including meals and lodging, incurred while away from home in the pursuit of a trade or business. Section 274(d) provides that no deduction shall be allowed under section 162 for any traveling expense (including meals and lodging while away from home) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement 1) the amount of such expense, 2) the time and place of the travel and 3) the business purpose of the expense. At trial, petitioner produced receipts for *213 lodging in the total amount of $203.70 in 1977. Respondent has since conceded the deductibility of these items. Petitioner, however, could provide no further records or evidence corroborating his own statement which could establish his actual expenditures on food and lodging while away from home on business in 1977. Since petitioner was away from home on business 313 days in 1977, there can be little doubt that he incurred far more than $203.70 in food and lodging expenses on these trips. Nevertheless, much as we would like to help petitioner by permitting a reasonable estimate of travel expense, cf. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), we are unequivocably barred from doing so by the law. Section 274(d); section 1.274-5(a)(3), Income Tax Regs.; Deely v. Commissioner,73 T.C. 1081, 1101 (1980). Absent the substantiation mandated by Congress under section 274(d), further deductions must be disallowed entirely. Dowell v. United States,522 F.2d 708 (5th Cir. 1975). Petitioner argues that he was misled into not keeping his 1977 records by the I.R.S.'s allowance in an audit of his 1974 returns of deductions of *214 $15 per day without substantiation for food and lodging for each day he was away from home on business. Petitioner assumed that he need not keep any records if he was willing merely to deduct $15 per day for such expenses in succeeding years. He claims surprise now upon learning that the law, even prior to 1974, has required substantiation of food and lodging expenses. Petitioner argues that since the I.R.S. "violated the law" by allowing him to deduct $15 per day without records in 1974, it should be barred from using his failure to retain such records in 1977 as grounds for disallowing these expenses. Unfortunately, at least from petitioner's point of view, the I.R.S. did not violate the law when it allowed him to deduct $15 per day without substantiation in 1974. It merely exercised what it considered to be appropriate administrative discretion in petitioner's favor under the circumstances in1974.Petitioner's assumption that this practice would continue from year to year was his own conclusion. Petitioner makes no argument that the I.R.S. agent affirmatively told him that the I.R.S. would in future years continue this practice, or that a $15 per diem figure for *215 deductions would always be the "safe" amount. In fact, had such statements by the agent been made they would not in any event have been binding on the respondent in this case. See Zuanich v. Commissioner,77 T.C. 428, 432-433 (1981), on appeal (9th Cir., Nov. 13, 1981) (the doctrine of equitable estoppel does not bar the Commissioner from correcting a mistake of law, even where the taxpayer may have relied to his detriment on the Commissioner's mistake); Graff v. Commissioner,74 T.C. 743, 760-763 (1980), affd. per curiam 673 F.2d 784 (5th Cir. 1982). Petitioner's failure to apprise himself of the actual requirements of section 274(d) in 1977, while regrettable and perhaps understandable, simply cannot be set up as a bar to respondent's actions in this case. Service Bolt & Nut Co. Profit Sharing Trust v. Commissioner,78 T.C. 812 (1982), on appeal (6th Cir., Aug. 23, 1982). Accordingly, the deductions claimed by petitioner for meals and lodging while away from home overnight on business, over and above the $203.70 conceded by respondent, must be disallowed. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the year at issue.↩