JIMMY JEFFERS AND PEGGY SUE JEFFERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Jeffers v. Commissioner
Docket Nos. 27500-84, 34639-85.
United States Tax Court
T.C. Memo 1986-347; 1986 Tax Ct. Memo LEXIS 271; 52 T.C.M. (CCH) 50; T.C.M. (RIA) 86347; August 4, 1986. Jimmy Jeffers, pro se. Nancy W. Hale, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: These consolidated cases were assigned to Special Trail Judge James M. Gussis pursuant to section 7456(d)(3) of the Internal Revenue Code of 1954 and Rules 180, 181, and 182 of the Tax Court Rules of Practice and Procedure.[1]
*272 Respondent determined deficiencies in petitioners' Federal income taxes for 1982 and 1983 in the amounts of $3,332 and $3,989 respectively. After concessions, the sole issue for determination is whether petitioners are entitled to deductions in excess of the amounts allowed by respondent for meals and lodging expenses incurred by petitioner Jimmy Jeffers while away from home in connection with temporary employment during the 1982 and 1983 taxable years. [2]
Some of the facts have been stipulated and are found accordingly. At the time of filing their petitions, petitioners resided in Clinton, Tennessee. Petitioner, a pipe fitter, was employed away from home 313 days and 279 days during the 1982 and 1983 tax years, respectively. Petitioner kept no receipts, log or other records of *273 any of his away from home expenses for the 1982 or 1983 tax years. On his tax return for the 1982 tax year, the petitioner claimed employee business expenses in the total amount of $10,907 which consisted of automobile expenses of $1,067, lodging expenses of $4,519 and meal expenses in the amount of $5,321. Petitioner computed his meal expenses for 1982 on the basis of $17 per day for 313 days away from home. On his tax return for the 1983 tax year, petitioner claimed employee business expenses in the total amount of $11,791 consisting of automobile expenses of $1,973, lodging expenses in the amount of $5,354, and meal expenses in the total amount of $4,464. The petitioner computed the meal expenses on the basis of $16 per day for 279 days away from home. In the notices of deficiency, respondent initially disallowed the employee business expenses claimed by the petitioner for the 1982 and 1983 tax years in full. At trial, respondent conceded that petitioner was entitled to meal expenses for the 1983 tax year in the amount of $2,511. Respondent also conceded that petitioner is entitled to a deduction for automobile expenses in 1982 and 1983 in the respective amounts of $1,216.80 *274 and $1,586.70. The remaining issue is whether petitioner is entitled to deductions for mean and lodging expenses in excess of the meal expenses allowed by respondent. Section 274(d) provides that no deduction shall be allowed under sections 162 or 212 for any traveling expenses including meals and lodging while away from home unless the taxpayer substantiates by adequate records or sufficient evidence corroborating his or her statements the following elements of all expenses: (1) the amount; (2) the time and place of travel and (3) the business purpose of the expenditures. Section 1.274-5(b)(2), Income Tax Regs.; Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). These strict requirements for deductibility were intended by Congress to overrule the so-called Cohan rule ( Cohanv. Commissioner,39 F.2d 540 (2d Cir. 1930)) which enabled the Court in certain circumstances to make an approximation of a deductible expense. See Dowell v. United States,522 F.2d 708 (5th Cir. 1975). The requirements of section 274(d) are not satisified by mere estimates and uncorroborated oral *275 testimony. Petitioner failed to present any contemporaneous records or any documents which would meet the substantiation requirements of section 274(d). His testimony was general in nature and served to do little more than to explain the circumstances which prompted such meal and lodging expenses. The record is completely lacking in any evidence which would establish the requisite elements of each expenditure which are necessary for proper substantiation under the statute. In short, the requirements of section 274(d) are not satisfied by mere estimates and uncorroborated oral testimony. Further, petitioner was aware of the need to substantiate the above meal and lodging expense under section 274(d) because he was involved in cases dealing with similar issues for prior tax years in this Court. See Jeffers v. Commissioner,T.C. Memo. 1986-285. Yet he knowingly refused to retain any type of documentation regarding these expenses. We must therefore conclude that petitioner is not entitled to a deduction for the travel expenditure in question in excess of the amount allowed by respondent. Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The issue involving the petitioners' entitlement to use the income averaging method for computing their 1983 tax liability turns upon the determination of this Court in a prior case involving these same petitioners with respect to the taxable years 1979 through 1981. Jeffers v. Commissioner,T.C. Memo. 1986-285↩. The petitioners' taxable year 1982 is of course here involved.