JOSEPH D. ANDERSON AND PENNEY ANDERSON, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Anderson v. Commissioner
Docket No. 328-81.
United States Tax Court
T.C. Memo 1984-59; 1984 Tax Ct. Memo LEXIS 613; 47 T.C.M. (CCH) 1033; T.C.M. (RIA) 84059; February 6, 1984. Peter R. Stromer, for the petitioners. Thomas G. Schleier, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax in the Federal income tax of petitioners Joseph and Penney Anderson: Year
Deficiency
Sec. 6653(a)
Sec. 6651(a)(1)
1973
$2,565
$258
$641
1974
5,435
415
1,359
1975
9,696
523
2,424
1976
12,389
636
619
After concessions, the issues for our decision are (1) whether petitioners' claimed travel expenses in the amounts of $5,930, $6,473, $7,812, and $5,625 *615 for the years 1973-1976 are allowable business deductions; (2) whether expenses of $2,660, $1,235, $8,533, and $4,115 incurred in petitioners' activities as ministers are deductible under section 162; [1] (3) whether petitioners' deductions for charitable contributions for the years 1974-1976 should be disallowed in the amounts of $6,207, $14,795, and $25,030; (4) whether a portion of petitioners' deduction for rental expenses and depreciation should be disallowed; (5) whether the deduction for depreciation of petitioners' motor home should be reduced; (6) whether petitioners' investment tax credit for the motor home should be reduced; (7) whether adjustments must be made to petitioners' medical expense deductions to reflect a 1973 expense of $722 disallowed by respondent and to reflect changes in gross income in the years 1973, 1974, and 1975; (8) whether any part of petitioners' underpayments were due to negligence; and (9) whether petitioners are liable for the addition to tax imposed by section 6651(a)(1). *616 FINDINGS OF FACT Some of the facts have been stipulated and those facts are so found. The stipulations and attached exhibits are incorporated by this reference. Petitioners Joseph and Penney Anderson were legally married, but living separately when the returns and the petition in this case were filed. Joseph Anderson lives in Incline Village, Nevada; Penney lives in Mountain View, California. Petitioners filed their joint income tax returns for the years 1973, 1974, and 1975 on January 24, 1978; the return for 1976 was filed on October 19, 1977. During the years at issue petitioner Joseph Anderson was a pilot for Pan American World Airways, Inc. In the years at issue petitioner claimed the following away from home travel expenses for amounts spent on transportation, meals, lodging, and other miscellaneous items: Meals &
Year
Totals
Transportation
Lodging
Miscellaneous
1973
$5,930
$680
$5,250
1974
6,473
516
5,957
1975
7,812
692
7,120
1976
5,625
904
3,965
$756
Pan American reimburses its pilots for costs incurred while away from home base by paying them a fixed sum for each hour they are away. Any additional expenses *617 are borne by the employee. The amounts claimed by petitioners allegedly represent his excess costs in the years at issue. Joseph Anderson gave his personal expense logs, along with the statements he received from Pan American, to the C.P.A. who prepared his returns. None of this information was introduced into evidence. Petitioner says the information was lost when he moved to Berlin in 1977. He made no attempt to reconstruct his expenses. In 1973 petitioners claimed business deductions of $2,050 for costs incurred in Penney Anderson's ministerial activities; her income from this work was only $75. Respondent allowed $491 of these expenses as additional charitable contributions in 1973, but otherwise disallowed the deduction. Penney Anderson did not appear at trial. Joseph Anderson also claimed Schedule C business expenses in connection with his ministerial activities. His income and expenses for that work in the years at issue were as follows: Year
Income
Expense
1973
$125
$610
1974
75
1,235
1975
100
8,533
1976
150
4,115
Joseph Anderson "expects to be paid" when he performs ministerial functions, but realizes that most of his work is *618 for charity. Joseph's 1975 Schedule C includes $5,399 for an auditing course at the Church of Scientology in London. This expenditure was substantiated, although the $1,050 for living expenses in London was not. Respondent disallowed these expenses, along with all other ministerial costs, in full. Petitioners claimed charitable deductions in each of the years at issue. In 1974 the respondent allowed $535 of the $6,742 claimed. He specifically disallowed $2,000 paid to a Reverend Bray in Provo, Utah, and $3,657.60 paid to Sam Andy Foods. In 1975 respondent allowed $3,275 of the $18,070 deduction claimed by the Andersons. He specifically disallowed a deduction for $7,829 paid to Colony Research Advisors, Ltd., unverified cash payments of $5,399 to the Church of Scientology, and $1,050 of unverified living expenses incurred while taking Scientology courses in England. [2] The full $25,030 claimed in 1976 was disallowed by the respondent. The deduction included a verified payment to the First Church of Eternal Brotherhood and an unverified payment of $4,800 to the Church of the Rent Veil. *619 Petitioners claimed rental expenses and depreciation totalling $6,785 in 1974. Respondent determined that petitioner Penney Anderson lived in the rental property from May through December 1974, and accordingly reduced the deduction by two-thirds. [3]
Petitioner Penney Anderson was an artist and used a motor home to transport her wares to various shows and fairs. She purchased the home in April 1976 for $13,600.Petitioners claimed depreciation of $3,625 and an investment tax credit based upon qualified investment of $9,067 for the motor home. Respondent determined that only 48 percent of the total mileage was attributable to business use, and decreased the depreciation and credit accordingly. Petitioners' 1973 return claimed a total of $3,423 in medical expenses; only $2,701 of this amount was verified. Based upon the $722 in unverified expenses and other adjustments due to changes in gross income, respondent disallowed $979 of the claimed deduction. Adjustments were also made in 1974, 1975, and 1976 deductions *620 to reflect increases in petitioners' gross income. Petitioners introduced neither documentary evidence nor testimony relating to these expenses. Petitioners timely filed income tax returns for 1969, 1970, 1971, and 1972. Sometime in the early 1970's petitioner Joseph Anderson heard John J. Matonis speak about taxation, was impressed by him, and went to Matonis for advice. He was advised that he could claim as many exemptions as necessary to reduce withholding to the amount of tax he would ultimately owe. In 1973 Joseph filed a W-4 claiming 30 exemptions; in 1974 and 1975 he filed forms W-4E for exemption from withholding. Following the advice of Mr. Matonis, petitioners did not file any returns for those years. By 1977 petitioner decided to seek another opinion. He went to a certified public accountant, John Priest, and soon thereafter filed returns for the years at issue here. Petitioner gave his original source documents to Mr. Priest, and Priest relied on them in preparing the returns. The records were then returned to Joseph. In 1978 Joseph was transferred to West Berlin, Germany. Petitioner claims that many of his personal belongings, including his records, were *621 lost in transit. [4]
OPINION Petitioner Joseph Anderson is a pilot with Pan American World Airways, Inc., who devotes some of his spare time to ministerial activities. Penney Anderson is an artist. Petitioners claimed a variety of deductions on their income tax returns that were disallowed by respondent. Petitioners claimed business expense deductions for costs of transportation, meals, and lodging that Joseph incurred while travelling as a Pan American pilot. Virtually no evidence was offered to substantiate these expenditures. Such costs, generally treated as personal, nondeductible expenses, section 262, are deductible under section 162 or 212 if three conditions are met: (a) the expense is incurred while travelling; (b) the expense is incurred while away from *622 home; and (c) the expense is an ordinary and necessary cost incurred in the pursuit of a trade or business, or other income-producing activity. Commissioner v. Flowers326 U.S. 465, 470 (1946). Section 274(d) disallows these deductions if they are not substantiated.[5] A claim of travel expenses must be accompanied by evidence showing (a) the amount of each separate expenditure; (b) the dates of departure and return for each trip; (c) the place visited; and (d) the business purpose of the travel. [6]Sec. 1.274-5(b)(2), Income Tax Regs.
*623 Petitioner has offered none of this information. He claims, however, to be exempt from the requirements of section 274, arguing that the loss of his records is a casualty that places him within the exception created by sec. 1.274-5(c)(5), Income Tax Regs.[7] We disagree. First, various cases have held that the loss of records in connection with a move is not a casualty beyond the taxpayer's control. Gizzi v. Commissioner,65 T.C. 342 (1975). [8] Second, sec. 1.274-5(c)(5) merely gives a taxpayer the right to substantiate a deduction "by reasonable reconstruction of his expenditures"; it does not exempt him entirely. Joseph Anderson made no effort whatsoever to reconstruct his records, and we are not convinced that the effort would have been futile. Accordingly, we decline petitioner's suggestion that we estimate his expenses using the "Cohan rule," [9] and uphold respondent's determination. *624 Petitioner Joseph Anderson was a minister in his spare time during each of the years at issue, and claimed his costs as business expenses. Penney Anderson claimed ministerial expenses in 1973, some of which were disallowed, some of which were allowed as additional charitable deductions. Petitioners argue that these were bona fide business expenses. Respondent contends that petitioners had no profit-making objective, and that the expenses are nondeductible. We agree with respondent. Section 162 permits taxpayers to deduct all ordinary and necessary expenses incurred in carrying on any trade or business. To qualify as a trade or business, the activity must be an endeavor from which the taxpayer intends to make a profit. Allen v. Commissioner,72 T.C. 28 (1979). Joseph testified that he expected to be paid for his work as a minister, but he acknowledged that most of the work was done for charity. The substantial losses incurred each year confirm this view of petitioner's religious work. On these facts we must conclude that neither Joseph's nor Penney's ministerial activities were engaged in for profit, and that expenses are therefore not deductible under section *625 162. [10]
Even if we were to conclude that petitioners entered these activities with an "actual and honest profit objective," Dreicer v. Commissioner,78 T.C. 642, 645 (1982), affd. by Order, (D.C. Cir. 1983), they have offered virtually no proof that the amounts were in fact paid. The taxpayers have thus failed to overcome the presumption of correctness attached to the Commissioner's deficiency determination. Welch v. Helvering,209 U.S. 111 (1933); Rule 142(a). The third issue for our decision is whether petitioners are entitled to charitable deductions claimed in 1974, 1975, and 1976. The payments underlying some of the deductions were verified: $2,000 to a Reverend Bray (1974); $3,657.60 to Sam Andy Foods (1974); $7,829 to Colony Research Advisors, Ltd. (1975); and $2,000 to the Church of Eternal Brotherhood (1976). *626 Respondent disallowed these expenses because the donees were not shown to be charitable organizations as required by section 170. Petitioner has given us no hint about the activities of these organizations, thus the respondent's determination will be upheld. As to the unverified amounts, petitioner again has failed to meet his burden of proof. The respondent's determination is upheld in full. Next we must decide whether petitioners' 1974 rental expense deduction should be reduced. During his examination, respondent determined that Penney Anderson used the rental property as her home for 8 months in 1974, and thus disallowed two-thirds of her deduction. No evidence controverting this determination was submitted; respondent's determination is therefore upheld. Rule 142(a). Penney Anderson bought a motor home in late April 1976 for $13,600 and travelled in it to various arts and crafts shows and festivals. She claimed depreciation of $3,625 in 1976. Respondent determined that only 48 percent of the mileage was attributable to Penney's business, recalculated her basis and allowable depreciation, and then reduced that figure by one-third since the home was purchased on April *627 30.Petitioners offered no evidence to show this calculation incorrect; the respondent's determination is sustained. Rule 142(a). Respondent also reduced the investment tax credit taken for the motor home. Once again, petitioners' failure to produce evidence leaves us no choice but to agree with respondent's calculations. Seven hundred twenty-two dollars of the medical expenses claimed in 1973 were not verified, thus were disallowed by respondent. Petitioner has not convinced us that this was incorrect. The adjustments due to changes in gross income are likewise sustained. Rule 142(a). Respondent determined that petitioners were liable for additions to tax under section 6653(a) in each of the years at issue. The determination that part of the underpayment was due to negligence or intentional disregard of rules and regulations is prima facie correct. Pritchett v. Commissioner,63 T.C. 149, 174 (1974). The taxpayer bears the burden of showing respondent's error. Pritchett,supra; Rule 142(a). In the instant case, petitioners barely addressed the issue at trial or on brief, but seem to rely on the fact that they supplied their C. *628 P.A. with records, and then relied on his expertise, as evidence that they were not negligent. It is, however, well-settled that a taxpayer "cannot avoid his duty to file accurate returns simply by shifting the responsibility to his agents." Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioners' reliance argument holds water only if they show that they provided the C.P.A. with accurate information, or that the inaccuracies in the return were a result of the agent's errors. Enoch,supra;Ma-Tran Corp. v. Commissioner,70 T.C. 158, 172-73 (1978). Petitioners have done none of this, and are thus liable for the addition to tax. Finally, respondent has assessed additions to tax under section 6651(a)(1) for failure to file timely returns in each of the years at issue. Petitioners may avoid the addition by showing that the delay was "due to reasonable cause and not due to willful neglect." Section 6651(a)(1). Petitioners have not made this showing. Joseph Anderson testified that he did not file on the advice of his attorney, John Matonis. Generally, filing is a nondelegable duty of each individual taxpayer. Latham Park Manor, Inc. v. Commissioner,69 T.C. 199, 219 (1977), *629 affd. without published opinion 618 F.2d 100 (4th Cir. 1980).A limited exception is made when "the taxpayer does not know whether certain tax returns are required, and therefore must rely on its accountant to resolve a complex question." Paula Construction Co. v. Commissioner,58 T.C. 1055, 1061 (1972), affd. per curiam without published opinion 474 F.2d 1345 (5th Cir. 1973). The exception is of no help to petitioners. They timely filed returns prior to 1973, and Joseph appeared to be an intelligent man; we simply cannot conclude that he did not know whether or not returns were required. Nor do we find that there is any complex question of law involved here which will justify his reliance on Mr. Matonis. Petitioners, having failed to make an affirmative showing of reasonable cause, Paula Construction Co.,supra, are liable for the addition to tax under section 6651(a)(1). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The charitable deductions claimed for cash contributions to the Church of Scientology and for living expenses incurred while studying in England appear to be based on the same expenses claimed on Schedule C, although we have no documents to show this. Based upon our resolution of both issues, it is unnecessary to resolve this matter.↩
3. Respondent allowed petitioners increased deductions for interest and taxes to reflect that portion of the disallowed rental expense attributable to those expenses.↩
4. Petitioners' opening brief contained an extensive "specialist's report" from Willi Meissner, Berufs-Sachverstandiger, a German insurer. This report described the damage done to petitioners' belongings in the move to Berlin. We have ignored this report, first, because it was not properly introduced into evidence and, second, because it does not prove that any items were lost in transit as petitioner argues.↩
5. Sec. 274(d) provides that: SEC. 274(d) (d) SUBSTANTIATION REQUIRED.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩
6. Sec. 1.274-5(b)(2) provides: SEC. 1.274-5. Substantiation requirements. * * * (2) Travel. The elements to be proved with respect to an expenditure for travel are-- (i) Amount. Amount of each separate expenditure for traveling away from home, such as cost of transportation or lodging, except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares; (ii) Time. Dates of departure and return for each trip away from home, and number of days away from home spent on business; (iii) Place. Destinations or locality of travel, described by name of city or town or other similar designation; and (iv) Business purpose.↩ Business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel.
7. Sec. 1.274-5(c)(5) provides as follows: (5) Loss of records due to circumstances beyond control of the taxpayer.↩ Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures.
8. See also Bryan v. Commissioner,T.C. Memo. 1974-266; Schafer v. Commissioner,T.C. Memo. 1976-369↩. 9. Under the rule in Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930) the Court sometimes estimates expenses for which there is no documentary evidence. Sec. 1.274-5(a) specifically states that that section "supersedes * * * the doctrine of Cohan." See Deely v. Commissioner,73 T.C. 1081, 1101 (1980); Dowell v. United States,522 F.2d 708↩ (5th Cir. 1975).
10. Section 183(b)(2) allows taxpayers to deduct the costs of activities not engaged in for profit to the extent that income from the activity exceeds the deductions allowable regardless of profit motive. Unfortunately we cannot even give petitioners this much since they have failed to give us a breakdown of their expenses.↩