T.C. Memo. 2018-43

UNITED STATES TAX COURT

PAUL J. RADEMACHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30820-15.                                      Filed April 4, 2018.

<u>Christopher J. Rajotte</u>, <u>Joseph A. DiRuzzo III</u>, and <u>Paul C. Shuman</u>, for petitioner.

<u>D'Aun E. Clark</u> and <u>John T. Arthur</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  The adjustments we must address in this deficiency case are the disallowance of employee business expense deductions for mileage and for various cash expenditures for other employee business expenses, and charitable

**[\*2]** contribution deductions for 2013 and 2014.  Also at issue are section 6662(a)

accuracy-related penalties.[1]  For the reasons we explain, we find certain of the

mileage expenses are deductible but the other deductions claimed are not and the

penalties are not sustained.

FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Florida.  His income

tax returns for the 2013 and 2014 tax years were timely filed.  He was a manager

at a car dealership and ran the used car part of the business.

On September 15, 2015, respondent issued a notice of deficiency to

petitioner for his 2013 and 2014 tax years, disallowing deductions claimed on

Schedule A, Itemized Deductions, of $38,974 and $38,989 for 2013 and 2014,

respectively.

On Schedule A of his 2013 income tax return, petitioner deducted itemized

deductions including cash charitable contributions of $2,912 and a deduction for

unreimbursed employee expenses of $38,175, subject to a statutory reduction.

These deductions were disallowed in the notice of deficiency.  On Schedule A of

his 2014 income tax return, petitioner claimed a deduction for cash charitable

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] contributions of $3,116 and a deduction for unreimbursed employee expenses of $38,563, also reduced for the limitation applied to miscellaneous deductions. Respondent again disallowed these deductions.

The nature of petitioner's employment is uncontested. He was involved in the used car segment of a new car dealership. He did not produce any documents to support his position on the cash expenditures, but he was not reimbursed by his employer for automobile mileage.

Petitioner alleged that he contributed $20 per week to his church, Good Shepherd, in 2013 and 2014. He also claimed that he gave $400 every year to the Little League team at the church school, but he admitted that he failed to get receipts for these contributions.

Petitioner attached Form 2106, Employee Business Expenses, to each return. During the audit, after he had moved to Florida, one of respondent's employees asked him for substantiation of his unreimbursed employee expenses. Petitioner made no effort to contact his former employer or credit card companies to obtain records. He allegedly paid all his expenses in cash. He admitted that in 2013 and 2014 he did not keep receipts or keep track of his expenses.

On Form 2106 petitioner reported vehicle expenses based upon having driven 53,333 and 53,060 miles for business purposes for 2013 and 2014,

[*4] respectively. As part of his duties, petitioner attended the same four car auctions each week. Petitioner drove his personal vehicle back and forth to the auctions four days a week. His yearly business mileage was 38,400. Petitioner admitted that he overestimated his claimed mileage for 2013 and 2014.

Petitioner claimed deductions for parking fees, tolls, and transportation expenses of $2,777 and $3,233 for 2013 and 2014, respectively. He provided no documentation to substantiate these expenses. He paid tolls with E-Z Pass and received statements from E-Z Pass, but he acknowledged that he no longer had the statements. Petitioner acknowledged that he could have documented the amounts of the tolls in anticipation of trial but did not.

Petitioner reported expenses for overnight travel of $1,212 and $1,202 for 2013 and 2014, respectively. He provided no documentation to substantiate these expenses. Petitioner reported other business expenses of $389 and $363 for 2013 and 2014, respectively. He provided no documentation to substantiate these expenses.

Petitioner also reported meals and entertainment expenses of $7,327 and $8,101 for 2013 and 2014, respectively. He claimed that he bought coffee or snacks for customers and drinks at bars for people to whom he handed his business card. He guessed these expenses to be about $60 per day. Petitioner

**[*5]** chose not to keep track of these expenses or write anything down. He estimated these expenses when he was preparing the returns. He "guessed" at the expenses by how much cash he took out of the ATM. Petitioner failed to produce any documentation of these amounts.

OPINION

No deduction is allowed under section 170(a) for all or part of any charitable contribution of $250 or more unless the taxpayer substantiates the contribution with a contemporaneous written acknowledgment from the donee organization. See also sec. 170(f)(8). Petitioner failed to provide any documentation to corroborate his testimony that he gave $400 to the Little League team at his church in each tax year at issue. With respect to cash contributions of less than $250, he did not seek verification from his church and apparently did not participate in any regular program that would have documented his contributions. We sustain respondent's disallowance of petitioner's claimed charitable contribution deductions.

Petitioner reported unreimbursed employee business expenses for 2013 and 2014 on Schedule A. Business expenses are allowed as deductions only to the extent that they are substantiated. Sec. 6001. The taxpayer bears the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975). Petitioner

**[*6]** testified that he purposely chose not to keep any receipts or contemporaneous documents in 2013 or 2014. Despite being informed that he could reconstruct his records, he made no attempt to obtain a single record. Petitioner did testify credibly that he was required to go to auto auctions regularly as part of his employment. In all other respects his business expenses are undocumented, and there is no reasonable basis to allow deductions for any of these other expenses under section 274.

Certain categories of expenses must satisfy the strict substantiation requirements of section 274(d) in order for a deduction to be allowed. Section 274 provides heightened substantiation requirements for travel expenses (including meals and lodging while away from home), entertainment, and any listed property under section 280F(d)(4). "Listed property" under section 280F(d)(4) includes any passenger automobile. Sec. 280F(d)(4)(i); see Colvin v. Commissioner, T.C. Memo. 2007-157, slip op. at 30 ("Automobile mileage deductions are subject to the strict substantiation requirements of section 274(d)."). The term "entertainment expenses" as used in section 274(d)(2) includes the costs of business meals. See, e.g., Jones v. Commissioner, T.C. Memo. 2013-132, at *6 (citing Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969)). Thus, petitioner's reported expenses for car, travel, meals, and

[*7] entertainment are subject to the heightened substantiation requirements of section 274(d).

Section 274 precludes a deduction for specified expenses unless a taxpayer substantiates "by [1] adequate records or [2] by sufficient evidence corroborating the taxpayer's own statement" the following five elements:  the amount, date, time, place, and business purpose of the expense.  Sec. 274(d); see Reynolds v. Commissioner, 296 F.3d 607, 615 (7th Cir. 2002) (citing Dowell v. United States, 522 F.2d 708, 714 (5th Cir. 1975)).

The burden of proof regarding the deficiencies clearly rests on petitioner. He has not maintained that the burden should shift under section 7491(a), and there is no evidence in the record that would support such an assertion.

Petitioner's employment is not in dispute, and the nature of that employment lends credibility to his testimony regarding the regularly required travel via automobile to car auctions.  Accordingly, we find that he has substantiated expenses for a deduction for automobile mileage of 38,400 for each of the years at issue under section 274(d).

Regarding the deductions claimed for tolls, meals, and customer amenities, petitioner has offered no specific evidence to support underlying expenses for these amounts despite numerous requests that he do so.  The toll expenses could

**[\*8]** have been documented if petitioner had chosen to do so. The remaining testimony regarding business expenses was vague and unconvincing. Accordingly, petitioner has failed to meet the requirements of sections 161 and 274 for these deductions.

Petitioner's argument regarding the validity of the regulations under section 274 has no bearing on the outcome because the lack of any evidence to support the other items reported causes the disallowed deduction to fail on the basis of the burden of proof and the provisions of section 274 itself.

The notice of deficiency determined that petitioner is liable for accuracy-related penalties under section 6662(a) for the 2013 and 2014 tax years. Section 6662(a) imposes an accuracy-related penalty of 20% of an underpayment of tax required to be shown on a return.

Pursuant to section 6662(a) and (b)(2), a taxpayer may be liable for a penalty of 20% of the portion of an underpayment of tax due to a substantial understatement of income tax. There is a substantial understatement of income tax if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000. Here, the deficiencies determined are $6,686 and $5,641 for 2013 and 2014, respectively. However, we have allowed certain mileage expense deductions, and

**[\*9]** it is quite possible that the understatements of income tax are no longer substantial.

Nevertheless petitioner may be liable for a 20% accuracy-related penalty pursuant to section 6662(a) and (b)(1) on the portion of each underpayment of tax due to negligence or disregard of rules or regulations. Section 6662(c) provides that "negligence" includes any failure to make a reasonable attempt to comply with the tax laws. However, respondent bears the burden of production with respect to the penalties and failed to include in the record evidence of supervisory approval in compliance with section 6751(b)(1). See Graev v. Commissioner, 149 T.C. __ (Dec. 20, 2017), supplementing 147 T.C. __ (Nov. 30, 2016). Respondent did so move belatedly but we denied that motion. We concluded that granting the motion would not be in the interest of justice or judicial economy. Therefore, we do not sustain the penalties.

In reaching our holdings herein, we have considered all arguments the parties made, and, to the extent we did not mention them above, we conclude they are moot, irrelevant, or without merit.

**[\*10]**  To reflect the foregoing,

Decision will be entered under

Rule 155.
